1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6

7    WYNN RESORTS HOLDINGS, LLC,                    )
                                                    )
8                      Plaintiff,                   )     Case No. 2:14-cv-01710-JAD-CWH
                                                    )
9    vs.                                            )     **ORDER**
                                                    )
10   ENCORE SPORTS LOUNGE, INC.,                    )
                                                    )
11                     Defendant.                   )
     _____)

12

13           Presently before the Court[1] is Plaintiff Wynn Resorts Holdings, LLC's Motion for Default

14   Judgment (ECF No. 8) against Defendant Encore Sports Lounge, Inc.  Having reviewed Plaintiff's

15   motion, the Court finds that it needs additional information regarding service of process on

16   Defendant Encore Sports Lounge, Inc. before the Court can evaluate whether it has a proper basis

17   for jurisdiction to enter default judgment.

18   **I.       BACKGROUND**

19           Plaintiff alleges that Defendant Encore Sports Lounge, Inc. is a Texas corporation.  (Compl.

20   (ECF No. 1) at 2.)  In its motion for default judgment, Plaintiff states that it served Defendant by

21   personally serving process on "Bradley Manager, who is designated by law to accept service of

22   process on behalf of Defendant . . . at 4001 S. Sam Houston Parkway East, Houston, Texas 77047."

23   (Mot. for Default J. (ECF No. 8) at 10.)  Similarly, the process server's declaration states that the

24   summons and complaint were served on "Bradley, Manager" at the same address.  (Summons

25   Returned Executed (ECF No. 5) at 2.)  Plaintiff's motion for default judgment also indicates that

26

27   _____

        [1]  The undersigned magistrate judge will submit a report and recommendation regarding

28   Plaintiff's motion for default judgment to the United States district judge assigned to this case under 28
     U.S.C. § 636(b)(1).

1    4001 S. Sam Houston Pkwy East is the physical location of Encore Sports Lounge. (*See* Mot. for

2    Default J., Ex. I (providing examples of Defendant's promotional materials for the Encore Sports

3    Lounge that list 4001 S. Sam Houston Pkwy East as its address).

4         Plaintiff's counsel's affidavit in support of Plaintiff's motion for clerk's entry of default

5    states that before serving "Bradley, Manager," Plaintiff attempted to serve Defendant's registered

6    agent, but that Plaintiff was unable to do so because the address on file with the Texas Secretary of

7    State was not current. (Request for Clerk's Entry of Default (ECF No. 6), Ex. 1 at ¶¶ 4-6.)

8    Counsel's affidavit further states that 4001 S. Sam Houston Pkwy. E. Houston, TX 77047 is an

9    alternate address for Defendant's registered agent, citing a document titled "Status Update" from

10   the process server. (*Id.* at ¶ 7.) The process server's "Status Update" states that the registered

11   agent's address was not current, that the "[s]erver was able to get an address and is attempting

12   service," and that "[s]ervice was accepted by Bradley, Manager @ 4001 S. Sam Houston Parkway,

13   Houston, TX." (*Id.* at Ex. IA.) The process server's notes do not specify, however, whether 4001

14   S. Sam Houston Parkway is the registered agent's current address. (*Id.*)

15   **II.    ANALYSIS**

16        Rule 4(h) of the Federal Rules of Civil Procedure provides, in relevant part, that a domestic

17   corporation must be served:

18        (1) in a judicial district of the United States:
             (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
19           (B) by delivering a copy of the summons and complaint to an officer, a
             managing or general agent, or any other agent authorized by appointment or
20           by law to receive service of process[.]

21   Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service of process that conforms with state law

22   "in the state where the district court is located or where service is made" is proper in federal court.

23        Here, Plaintiff's motion for default judgment quotes the portion of Rule 4(h)(1)(B) stating

24   that a corporation may be served by "delivering a copy of the summons and of the complaint to an

25   officer, a managing or general agent, or any other agent authorized by appointment or by law to

26   receive service of process." (Mot. for Default J. at 10.) The Court therefore understands Plaintiff

27   to be arguing that "Bradley, Manager" is either (1) an officer of Defendant Encore Sports Lounge,

28   Inc., (2) a managing or general agent of Defendant, or (3) another agent authorized by appointment

of law to receive service of process on Defendant's behalf. However, Plaintiff does not present the Court with any evidence regarding the identity of "Bradley, Manager" or other authority that would allow the Court to determine whether "Bradley, Manager" is authorized to accept service of process for Defendant. Neither the motion for default judgment nor the process server's declaration specify whether "Bradley, Manager" is Defendant's registered agent, an officer of the corporation, or another agent authorized to accept service on Defendant's behalf. (*See* Mot. for Default J.; Summons Returned Executed.) Further, based on the process server's notes in the Status Update, it is unclear whether 4001 S. Sam Houston Pkwy. E. Houston is the registered agent's current address. (*See* Request for Clerk's Entry of Default, Ex 1A.) Without additional information regarding "Bradley, Manager," the Court cannot evaluate whether Plaintiff effected proper service on Defendant and whether the Court has power to render a judgment against the Defendant. *See Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (stating that "service of process is the means by which a court asserts its jurisdiction over the person").

IT IS THEREFORE ORDERED that Plaintiff must provide the Court with a supplemental brief, including supporting evidence, regarding the authority of "Bradley, Manager" to accept service of process on behalf of Defendant Encore Sports Lounge, Inc. within 21 days from the date of this Order.

DATED: October 14, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**