**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Wynn Resorts Holdings, LLC, | **2:14-cv-1710-JAD-CWH** |
| Plaintiff | **Order Granting Motion for Attorney's Fees** |
| v. | |
| Encore Sports Lounge, | [ECF No. 18] |
| Defendant | |

Plaintiff Wynn Resorts Holdings, LLC ("Holdings") successfully moved for a default judgment against the lone defendant in this trademark-infringement suit, Encore Sports Lounge, Inc.[1] The defendant has never appeared in this action, and Holdings now moves for attorney's fees under 15 U.S.C. § 1117(a). I find that defendant's infringement was wilful, this is an "exceptional case," and that Holdings is entitled to recover its reasonable attorney's fees. I therefore grant Holdings' motion and award it $20,234.40 in attorney's fees.

## Discussion

**A.    Attorney's fees under 15 U.S.C. § 1117(a)**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[2] Title 15 Section 1117(a) is a fee-shifting statute; it allows a court to award reasonable attorney's fees to the prevailing party in "exceptional cases." A trademark case is generally considered exceptional if the infringement is "malicious, fraudulent, deliberate, or willful.'"[3]

I find that defendant's infringement was both deliberate and wilful. The factual allegations in Holdings' complaint have all been deemed admitted by virtue of the Clerk's Entry of Default, and

[1] ECF No. 15.

[2] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[3] *Lindy Pen Co. v. Big Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993).

Holdings alleged facts to show that defendant's infringement was wilful.[4]  Defendant's "Encore Sports Lounge" mark incorporates Holdings' "Encore" word mark in its entirety.  Defendant copied the design and style of the "Encore" design mark.  Holdings provided defendant with actual notice of its "Encore" marks in December of 2013, but defendant continued to use them.  Accordingly, Holdings has met its burden to show that defendant's infringement was both deliberate and willful, so I find that this is an "exceptional" case warranting an award of fees.

I also find that the $20,234.40 in fees Holdings requests is reasonable under the lodestar analysis.  Holdings attaches a sworn attorney affidavit and itemized billing records showing that its counsel spent 80.2 hours on this lawsuit with hourly rates ranging from $265.50–$427.50.[5]  I find 80.2 hours to be reasonable in light of the time and labor required, the results obtained, the amount in dispute, and the complexity of the issues.  Holdings successfully moved for a default judgment and permanent injunctive relief for federal and state-law trademark-related claims.  I also find that these hourly rates are reasonable in this community in light of counsel's relative experience, skill, and reputation for these services.  I therefore find that Holdings is entitled to the full amount of attorney's fees it requests.

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that **plaintiff's motion for attorney's fees [ECF No. 18] is GRANTED.**

The Clerk of Court is instructed to enter an amended judgment awarding plaintiff $20,234.40 in attorney's fees.

Dated this 28th day of July, 2016.

Jennifer A. Dorsey
United States District Judge

---

[4] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–28 (9th Cir. 1987); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); ECF No. 7 (Clerk's Default).

[5] ECF No. 18-1.